```
                         Slip Op. 07-118
              UNITED STATES COURT OF INTERNATIONAL TRADE
```

```
_____
                               :
CHANGCHUN PILKINGTON SAFETY    :
GLASS CO., LTD., ET AL.,       :   Before:   Richard K. Eaton,
                               :                  Judge
          Plaintiffs,          :
                               :
     v.                        :   Consol. Court No. 02-00312
                               :
UNITED STATES,                 :
                               :
          Defendant,           :
                               :
     and                       :
                               :
PPG INDUSTRIES, INC., ET AL.,  :
                               :
          Deft.-Ints.          :
_____:
```

JUDGMENT

Before the court are the Final Results of Redetermination Pursuant to Court Remand ("Fourth Remand Results") in *Fuyao Glass Industry Group Co. v. United States*, Consol. Court No. 02-00282[1] (Orders of Nov. 2, 2006 & Dec. 19, 2006) ("*Fuyao IV*"); the comments of Shenzhen CSG Autoglass Co., Ltd. ("CSG"), the successor company to plaintiff Benxun Automotive Glass Co., Ltd. ("Benxun"); the comments of plaintiffs Changchun Pilkington Safety Glass Co., Ltd., Guilin Pilkington Safety Glass Co., Ltd. and Wuhan Yaohua Pilkington Safety Glass Co., Ltd. ("Pilkington Plaintiffs"); and the United States' response to CSG's and the

---

[1] On January 8, 2007, the court severed Court Nos. 02-00282 and 02-00321 from the consolidated action, and designated Court No. 03-00312 as the lead case, under which Court No. 02-319 and Court No. 02-00320 were consolidated.

Consol. Court No. 02-00312                                         Page 2

Pilkington Plaintiffs' comments.

In *Fuyao IV*, the court remanded this matter to the United States Department of Commerce ("Commerce") for the purpose of devising a reasonable methodology to calculate an antidumping margin for the Pilkington Plaintiffs and Benxun, taking into consideration the zero margins assigned to Fuyao and Xinyi.  *See* Order of 12/19/06.

On remand, Commerce identified the control numbers ("CONNUMs")[2] shared by the Pilkington Plaintiffs, Benxun, Fuyao and Xinyi, as reported in their questionnaire responses, and "impute[d] Fuyao's and Xinyi's CONNUM-specific margins to the matching CONNUMs of [the Pilkington Plaintiffs] and Benxun." Fourth Remand Results at 8.  Commerce then weight-averaged those CONNUM-specific margins, which resulted in the *de minimis* antidumping margin of 1.47 percent for the Pilkington Plaintiffs and Benxun.  Neither the Pilkington Plaintiffs nor CSG contest the Fourth Remand Results.

In light of the foregoing, and Commerce having duly complied with the court's directive in *Fuyao IV*, it is hereby

---

[2]   Commerce defined a CONNUM as a products's unique combination of physical characteristics.  *See* Fourth Remand Results at 6.

Consol. Court No. 02-00312                                    Page 3

    ORDERED that the Fourth Remand Results are sustained.


                                                  /s/ Richard K. Eaton
                                                      Richard K. Eaton

Dated:   August 3, 2007
        New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

                                                  Tina Potuto Kimble
                                                  Clerk of the Court

Date: _____      By: _____
                                                                                        Deputy Clerk